USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN MAURICE ROWE and EAST COAST PLASTIC SURGERY, PC,

Plaintiffs,

-against-

AETNA HEALTH AND LIFE INSURANCE COMPANY,

Defendant.

23-CV-01373 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This case is one of a swarm of virtually identical lawsuits that Plaintiffs filed against Defendant Aetna Health and Life Insurance Company ("Aetna"), all of which make the same basic allegations. Plaintiffs allegedly communicate with an Aetna employee who, with little detail, allegedly promised to cover part of a surgical procedure (usually a breast reduction) but then—after the procedure occurs—Aetna wrongfully refuses to provide coverage.

In the present case, Plaintiffs allege that an Aetna employee promised that Aetna would cover 80% of the cost for a breast reduction surgery, but then Aetna inappropriately refused to do so. Numerous judges of this court (and a panel of Second Circuit judges) have time after time rejected varying permutations of this same claim brought by Plaintiffs. Indeed, three other judges of this district (across four cases) have already adopted Judge Wang's reports and recommendations identical to the one presently before the Court recommending dismissal of this case. In this case, for the reasons set forth below, the Court likewise ADOPTS Judge Wang's Report and Recommendation ("R&R") in full and ORDERS that this case be dismissed with prejudice.

## RELEVANT FACTS AND PROCEDURAL HISTORY[1]

A patient named T.G. asked Plaintiffs to perform a bilateral breast reduction surgery. Dkt. No. 1-1 ¶¶ 3 & 4. T.G. was insured by Aetna, although Plaintiffs were not in Aetna's provider network. *Id.* ¶¶ 12 & 17. Therefore, an employee of Plaintiffs "communicated with Aetna" on April 6, 2018, and an "Aetna employee offered to reimburse covered services rendered to T.G. at 80% reasonable and customary." *Id.* ¶¶ 27 & 29. Plaintiffs then "accepted Aetna's offer by rendering bilateral breast reduction to TG." *Id.* ¶ 31. After Aetna reimbursed Plaintiffs for less than 80% of the surgery's cost, Plaintiffs commenced a lawsuit against Aetna in New York State court on January 11, 2023. *Id.* ¶ 4; Dkt. No. 1 ¶ 1. Their complaint alleges breach of contract, Dkt. No. 1-1 ¶¶ 59–69, unjust enrichment, *id.* ¶¶ 70–83, promissory estoppel, *id.* ¶¶ 84–88, and violation of New York's prompt pay law, *id.* ¶¶ 89–93.

Aetna removed the case to federal court on February 17, 2023, based on diversity. Dkt. No. 1. Judge Abrams, who then presided over this matter, referred the case to the Honorable Ona T. Wang on September 22, 2023, Dkt. No. 18, as did Judges Torres, Cronan, and Rochon, who presided over nearly identical lawsuits that Plaintiffs filed against Aetna, *see* Dkt. No. 19. Judge Rakoff then issued a decision dismissing a nearly identical action. *See Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.* ("*Rowe I*"), 705 F. Supp. 3d 194 (S.D.N.Y. 2023). Judge Wang stayed this matter while Plaintiffs appealed Judge Rakoff's decision to the Second Circuit Court of Appeals. Dkt. No. 21.

While that appeal was pending, Judge Cote dismissed another virtually identical lawsuit for similar reasons as Judge Rakoff and denied Plaintiffs leave to amend their complaint. *See*

[1] The following facts are taken from the Plaintiffs' complaint and assumed true for purposes of this Opinion. *See* Dkt. No. 1-1.

*Rowe Plastic Surgery of N.J., L.L.C v. Aetna Life Ins. Co.* ("*Rowe II*"), No. 23-CV-08529 (DLC), 2024 WL 382143, at *1–2 (S.D.N.Y. Feb. 1, 2024).

Following Judge Cote's decision, the Second Circuit affirmed Judge Rakoff's opinion dismissing *Rowe I*. *See Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.* ("*Rowe III*"), No. 23-8083, 2024 WL 4315127 (2d Cir. Sept. 27, 2024) (summary order). Relevant to this case, *Rowe III* determined that Plaintiffs' breach of contract claim failed because the communications with Aetna were not sufficiently definite to create an offer, their promissory estoppel claim failed because there was no "clear and unambiguous promise," and their unjust enrichment claim failed because Aetna neither requested the service nor benefitted from it. *Id.* at *2–4.

Plaintiffs filed a status letter in this case on October 11, 2024, arguing that neither *Rowe II* nor *Rowe III* dictated the outcome of this case and seeking targeted discovery in aid of drafting an amended complaint. Dkt. No. 24. Judge Wang responded with two orders on December 9, 2024. First, Judge Wang ordered Plaintiffs to move to amend their complaint by December 20, 2024. Dkt. No. 28. Second, Judge Wang ordered Plaintiffs to show cause by January 10, 2025, why (1) their lawsuit differed from, and should not be dismissed in light of, the Second Circuit's decision in *Rowe III*; and (2) Judge Cote's decision in *Rowe II* did not preclude Plaintiffs from seeking leave to amend their complaint. Dkt. No. 29.

Plaintiffs did not move to amend their complaint by December 20, 2024. Nor did Plaintiffs show cause by January 10, 2025. Accordingly, Judge Wang issued the R&R on January 13, 2025, recommending that the Court dismiss the case. Dkt. No. 30.

Plaintiffs made several filings the same day that Judge Wang issued the R&R. These filings included a proposed amended complaint, Dkt. No. 31, a memorandum purporting to

respond to the order to show cause, Dkt. No. 32, and a motion for leave to amend the complaint, Dkt. No. 33.

In an order dated January 14, 2025 (the "Reconsideration Order"), Judge Wang construed the response to the order to show cause as a motion for reconsideration of her R&R. *See* Dkt. No. 37. Judge Wang denied the motion because the arguments in Plaintiffs' memorandum simply regurgitated the arguments from the October 11, 2024 status letter. *Id.* at 4; *see also id.* at 5 ("Because Plaintiffs have failed to present any new facts or controlling law that the Court did not previously consider, Plaintiffs' motion for reconsideration is DENIED."). Judge Wang then instructed Plaintiffs they could include any objections to the Reconsideration Order with their objections to the R&R. *Id.* Judge Wang entered an identical R&R and an identical Reconsideration Order in the cases before Judges Torres, Cronan, and Rochon.

On January 24, 2025, this Court extended Plaintiffs' deadline to object to the R&R and the Reconsideration Order until January 31, 2025. Dkt. No. 39. Plaintiffs then filed objections that are identical (except the caption) to the objections they filed in the cases before Judges Torres, Cronan, and Rochon (the "Objections"). *Compare* Dkt. No. 41; *with Rowe Plastic Surgery of New Jersey, LLC v. Aetna Health & Life Ins. Co.*, No. 22-CV-07900 (JLR) (OTW), Dkt. No. 71 (filed Jan. 31, 2025); *Rowe v. Aetna Health & Life Ins. Co.*, No. 22-CV-08713 (JLR) (OTW), Dkt. No. 66 (filed Jan. 31, 2025); *Rowe Plastic Surgery of Long Island, P.C. v. Aetna Life Ins. Co.*, No. 22-CV-09328 (JPC) (OTW), Dkt. No. 49 (filed Jan. 31, 2025); *Rowe v. Aetna Health & Life Ins. Co.*, No. 22-CV-09427 (AT) (OTW), Dkt. No. 54 (filed on Jan. 29, 2025). On April 4, 2025, Judge Wang issued an order denying Plaintiffs' motion for leave to amend the complaint. Dkt. No. 45..[2] Since then, Judges Torres, Cronan, and Rochon have all issued

[2] Plaintiffs have not objected to or appealed Judge Wang's April 4, 2025 Order.

opinions adopting Judge Wang's R&R and the Reconsideration Order. *Rowe v. Aetna Health & Life Ins. Co.* ("*Rowe IV*"), No. 22-CV-09427 (AT) (OTW), 2025 WL 618556, at *2 (S.D.N.Y. Feb. 25, 2025); *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.* ("*Rowe V*"), No. 22-CV-07900 (JLR) (OTW), 2025 WL 1603919, at *4–5 (S.D.N.Y. June 6, 2025); *Rowe Plastic Surgery of Long Island, P.C. v. Aetna Life Ins. Co.* ("*Rowe VI*"), No. 22-CV-09328 (JPC) (OTW), 2025 WL 3268083, at *6 (S.D.N.Y. Nov. 24, 2025).

## DISCUSSION

## I. LEGAL STANDARDS

### A. Reviewing a Report and Recommendation

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When objections are filed, "[t]he district judge must determine *de novo*" those portions of the report and recommendation. Fed. R. Civ. P. 72(b)(3). A court will review portions of the report and recommendation to which no timely objections have been made for clear error. *See, e.g.*, *Gershowitz v. Griv*, No. 24-CV-01915 (PAE) (OTW), 2025 WL 2170773, at *2 (S.D.N.Y. July 31, 2025)..[3]

### B. Considering a Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, the Court need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

### C. Considering a Motion for Reconsideration

The Court applies a "strict" standard in considering a motion for reconsideration. *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). "A motion for reconsideration should be granted only when [the litigant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Board.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

## II. THE R&R IS ADOPTED IN FULL

As Judges Torres, Cronan, and Rochon have already concluded, the Objections regurgitate precisely the same arguments raised before Judge Wang, and are meritless. *Rowe IV*, 2025 WL 618556, at *2; *Rowe V*, 2025 WL 1603919, at *4; *Rowe VI*, 2025 WL 3268083, at *5.

*Compare* Plaintiffs' October 11, 2024 status letter, Dkt. No. 24, *with* Plaintiffs' January 13 memorandum, Dkt. No. 32, *with* the Objections, Dkt. No. 41.

The thesis of all three documents is that the wider array of communications between Plaintiffs and Aetna confirm that a valid contract existed, contrary to the R&R's conclusion that it did not. The October 11, 2024 status letter argued there were multiple calls between Plaintiffs and Aetna buttressing the existence of a contract. Dkt. No. 24 at 2. The January 13 memorandum argued that leave to amend should be granted for Plaintiffs to add additional facts concerning "communications" between Plaintiffs and Aetna concerning contract formation. *See, e.g.*, Dkt. No. 32 at 2–3. And the Objections argued that Judge Wang erroneously reduced Plaintiff's claim to a single phone call "instead of recognizing the entire course of communications and conduct between Aetna and Plaintiffs." Dkt. No. 41 at 5. Judge Wang's Reconsideration Order addressed each of these arguments, however. *See* Dkt. No. 37 at 4 (recognizing that Plaintiffs' memorandum "rest[s] on the purported new 'facts' or 'series' of communications between the parties in these cases that led to the parties agreeing on the rate of payment" and "Plaintiffs already made this argument in their October 11, 2024, status letter"); *see id.* at 5 ("Not only do Plaintiffs rely on an argument that the Court already considered before issuing the December 9 OSC, but the facts Plaintiffs seek to add do not resolve the issues identified in my December 9 OSC.").

The Court has carefully considered the record, the R&R, and the Objections, and evaluated the conclusions in the R&R *de novo* in light of the Objections. Like every other judge in this District to consider the question, the Court finds no error, and concludes that the R&R is well-grounded in facts and law. *See Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-CV-08140 (JGK), 2025 WL 1786416, at *2 (S.D.N.Y. June 27, 2025); *Rowe IV*, 2024

WL 618556, at *2; *Rowe V*, 2025 WL 1603919, at *4–5; and *Rowe VI*, 2025 WL 3268083, at *6; *Rowe v. Aetna Life Ins. Co.*, No. 22-CV-08713 (JLR) (OTW), 2025 WL 1603920, at *5 (June 6, 2025). Accordingly, the Court adopts the analysis and conclusions in the R&R and Reconsideration Order in full.

**CONCLUSION**

The R&R and Reconsideration Order are ADOPTED IN FULL. Plaintiffs' complaint is DISMISSED WITH PREJUDICE without leave to amend. The Clerk of Court is respectfully directed to enter judgment in favor of Aetna and close this case.

Dated: August 25, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge